**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **BETANET, LLC,** | |
| Plaintiff, | |
| **v.** | |
| **(1)  ADOBE SYSTEMS, INC.;** | |
| **(2)  APPLE, INC.;** | **CIVIL ACTION NO.  2:09-cv-384** |
| **(3)  ARIAL SOFTWARE, LLC;** | |
| **(4)  AUTODESK, INC.;** | |
| **(5)  CARBONITE, INC.;** | **JURY TRIAL DEMANDED** |
| **(6)  COREL CORP.;** | |
| **(7)  EASTMAN KODAK CO.;** | |
| **(8)  INTERNATIONAL BUSINESS MACHINES CORP.;** | |
| **(9)  INTUIT, INC.;** | |
| **(10) MICROSOFT CORP.;** | |
| **(11) MCAFEE, INC.;** | |
| **(12) ONLINE HOLDINGS, LLC;** | |
| **(13) ORACLE CORP.;** | |
| **(14) ROCKWELL AUTOMATION, INC.;** | |
| **(15) ROSETTA STONE, LTD.;** | |
| **(16) SAP AMERICA, INC.;** | |
| **(17) SIEMENS CORP.; and** | |
| **(18) SONY CREATIVE SOFTWARE, INC.,** | |
| Defendants. | |

**<u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

1.     This is an action for patent infringement in which BetaNet, LLC, makes the following allegations against: Adobe Systems, Inc.; Apple, Inc.; Arial Software, LLC; Autodesk, Inc.; Carbonite, Inc.; Corel Corp.; Eastman Kodak Co.; International Business Machines Corp.; Intuit, Inc.; Microsoft Corp.; McAfee, Inc.; Online Holdings, LLC; Oracle Corp.; Rockwell Automation, Inc.; Rosetta Stone, Ltd.; SAP America, Inc.; Siemens Corp.; and Sony Creative Software, Inc. (collectively the "Defendants").

## PARTIES

2.      Plaintiff BetaNet, LLC ("Plaintiff" or "BetaNet") is a Texas limited liability company with its principal place of business at Energy Center, 719 West Front Street, Suite 105, Tyler, Texas 75702. BetaNet's president is Daniel F. Perez.

3.      On information and belief, Adobe Systems, Inc. ("Adobe"), is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, California 95110-2704.  Defendant Adobe's registered agent in Texas is Corporation Service Company (CSC), 701 Brazos, Suite 1050, Austin, Texas 78701.

4.      On information and belief, Apple, Inc. ("Apple"), is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Defendant Apple's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

5.      On information and belief, Arial Software, LLC ("Arial"), is a Wyoming corporation with its principal place of business at 1501 Stampede Ave., Suite 3040, Cody, Wyoming 82414.

6.      On information and belief, Autodesk, Inc. ("Autodesk"), is a Delaware corporation with its principal place of business at 111 McInnis Parkway, San Rafael, California 94903.  Defendant Autodesk's registered agent in Texas is National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

7.      On information and belief, Carbonite, Inc. ("Carbonite"), is a Delaware corporation with its principal place of business at 334 Boylston Street, Boston, Massachusetts 02110.

8.      On information and belief, Corel Corp. ("Corel"), is a Canadian corporation with its principal place of business in the United States at 385 Ravendale Drive, Mountain View, California 94043-5240.  Defendant Corel's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

9.      On information and belief, Eastman Kodak Co. ("Kodak"), is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, New York 14650. Defendant Kodak's registered agent in Texas appears to be CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

10.     On information and belief, International Business Machines Corp. ("IBM"), is a New York corporation with its principal place of business at New Orchard Road, Armonk, New York 10504.  Defendant IBM's registered agent in Texas appears to be CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

11.     On information and belief, Intuit, Inc. ("Intuit"), is a Delaware corporation with its principal place of business at 2632 Marine Way, Mountain View, California 94043. Defendant Intuit's registered agent in Texas is the Prentice-Hall Corp. System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

12.     On information and belief, Microsoft Corp. ("Microsoft"), is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052-6399.  Defendant Microsoft's registered agent in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

13.     On information and belief, McAfee, Inc. ("McAfee"), is a Delaware corporation with its principal place of business at 3965 Freedom Circle, Santa Clara, California 95054. Defendant McAfee's registered agent in Texas is Corporation Service Company, 800 Brazos St., Suite 750, Austin, Texas 78701.

14.     On information and belief, Online Holdings, LLC ("RBS"), is a Tennessee corporation with its principal place of business at 324 Poplar View Parkway, Collierville, Tennessee 38017.

15.     On information and belief, Oracle Corp. ("Oracle"), is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065.

16.     On information and belief, Rockwell Automation, Inc. ("Rockwell"), is a Delaware corporation with its principal place of business at 1201 South 2nd Street, Milwaukee, Wisconsin 53204.  Defendant Rockwell's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

17.     On information and belief, Rosetta Stone, Inc. ("Rosetta"), is a Delaware corporation with its principal place of business in the United States at 1919 N. Lynn Street, 7th Floor, Arlington, Virginia 22209.  Defendant Rosetta's registered agent in Texas is National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

18.     On information and belief, SAP America, Inc. ("SAP"), is a Delaware corporation with its principal place of business in the United States at 3999 West Chester Pike, Newtown

Square, Pennsylvania 19073. Defendant SAP's registered agent in Texas appears to be CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

19. On information and belief, Siemens Corp. ("Siemens"), is a German corporation with its principal place of business in the United States at Citicorp Center, 153 East 53rd Street, New York, New York 10022-4611. Defendant Siemens's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

20. On information and belief, Sony Creative Software, Inc. ("Sony"), is a New York corporation with its principal place of business at 1617 Sherman Ave., Madison, Wisconsin 53704. Defendant Sony's registered agent in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

21. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

23. On information and belief, Defendant Adobe is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

24. On information and belief, Defendant Apple is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

25.     On information and belief, Defendant Arial is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

26.     On information and belief, Defendant Autodesk is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

27.     On information and belief, Defendant Carbonite is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

28.     On information and belief, Defendant Corel is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

29.     On information and belief, Defendant Kodak is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30.     On information and belief, Defendant IBM is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.     On information and belief, Defendant Intuit is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

32.     On information and belief, Defendant Microsoft is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

33.     On information and belief, Defendant McAfee is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

34.     On information and belief, Defendant Oracle is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

35.     On information and belief, Defendant RBS is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36.     On information and belief, Defendant Rockwell is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

37.     On information and belief, Defendant Rosetta is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

38.     On information and belief, Defendant SAP is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

39.     On information and belief, Defendant Siemens is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

40.     On information and belief, Defendant Sony is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,222,134

41.     Plaintiff is the owner by assignment of United States Patent No. 5,222,134 ("the '134 Patent") entitled "Secure System for Activating Personal Computer Software at Remote Locations" – including all rights to recover for past and future acts of infringement.  The '134 Patent issued on June 22, 1993.  A true and correct copy of the '134 Patent is attached as Exhibit A.

42.     Upon information and belief, Defendant Adobe has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Adobe is marketing, distributing, using, selling, and offering to sell its Creative Suite, Acrobat, and Photoshop programs.  Defendant Adobe is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

43.     Upon information and belief, Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Apple is marketing, distributing, using, selling, and offering to sell its iTunes, Aperture, QuickTime, and MobileMe programs.  Defendant Apple is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

44.     Upon information and belief, Defendant Arial has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation,

Defendant Arial is marketing, distributing, using, selling, and offering to sell its Campaign Enterprise, Email Marketing Director, and AutoResponder programs.  Defendant Arial is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

45.    Upon information and belief, Defendant Autodesk has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Autodesk is marketing, distributing, using, selling, and offering to sell its AutoCAD, Autodesk Inventor, and Autodesk Maya programs.  Defendant Autodesk is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

46.    Upon information and belief, Defendant Carbonite has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The

unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Carbonite is marketing, distributing, using, selling, and offering to sell its Carbonite.com program.  Defendant Carbonite is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

47.     Upon information and belief, Defendant Corel has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Corel is marketing, distributing, using, selling, and offering to sell its Digital Studio, Paint Shop Photo, CorelDRAW Graphics Suite, DESIGNER Technical Suite, WinDVD, WordPerfect, and WinZip programs.  Defendant Corel is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

48.     Upon information and belief, Defendant Kodak has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is

entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Kodak is marketing, distributing, using, selling, and offering to sell its Digital SHO, Digital GEM and Digital ROC programs.  Defendant Kodak is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

49.     Upon information and belief, Defendant IBM has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant IBM is marketing, distributing, using, selling, and offering to sell its Content Manager, DB2, Informix, InfoSphere, Lotus, Tivoli and Websphere programs.  Defendant IBM is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

50.     Upon information and belief, Defendant Intuit has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a

process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Intuit is marketing, distributing, using, selling, and offering to sell its QuickBooks, Online Payroll, TurboTax, and Quicken programs.   Defendant Intuit is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

51.     Upon information and belief, Defendant Microsoft has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Microsoft is marketing, distributing, using, selling, and offering to sell its Office, OneCare, Windows Server, SQL Server, Silverlight, MS Windows Media, and MS Games programs.  Defendant Microsoft is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

52.     Upon information and belief, Defendant McAfee has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant McAfee is marketing, distributing, using, selling, and offering to sell its Total Protection, Internet Security, VirusScan, Endpoint, NetShield, and GroupShield programs. Defendant McAfee is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

53.     Upon information and belief, Defendant Oracle has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program

file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Oracle is marketing, distributing, using, selling, and offering to sell its Database 11g, Fusion Middleware, Enterprise Manager, Developer Suite 10g, Developer Tools for Visual Studio, Warehouse Builder, XML Developer Kit 10g, Data Miner and SQL Developer programs. Defendant Oracle is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

54.     Upon information and belief, Defendant RBS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant RBS is marketing, distributing, using, selling, and offering to sell its Remote Backup Systems programs.  Defendant RBS is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

55.     Upon information and belief, Defendant Rockwell has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration

shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Rockwell is marketing, distributing, using, selling, and offering to sell its RSLogix, RSNetWorx, and neteni programs.  Defendant Rockwell is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

56.     Upon information and belief, Defendant Rosetta has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Rosetta is marketing, distributing, using, selling, and offering to sell its Rosetta Stone programs.  Defendant Rosetta is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

57.     Upon information and belief, Defendant SAP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion

– to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant SAP is marketing, distributing, using, selling, and offering to sell its BusinessObjects, Crystal Reports, and Xcelsius programs.  Defendant SAP is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

58.     Upon information and belief, Defendant Siemens has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.  The program file contains a first executive control program, representing a limited version of the program file.  License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.  The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.  The overlay file is installed in the main program file, thereby allowing complete operation of the program file.  For example, without limitation, Defendant Siemens is marketing, distributing, using, selling, and offering to sell its Femap and Solid Edge programs.  Defendant Siemens is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

59.     Upon information and belief, Defendant Sony has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '134 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display.   The program file contains a first executive control program, representing a limited version of the program file.   License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file.   The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program.   The overlay file is installed in the main program file, thereby allowing complete operation of the program file.   For example, without limitation, Defendant Sony is marketing, distributing, using, selling, and offering to sell its ACID, Vegas, Sound Forge and Cinescore programs.   Defendant Sony is thus liable for infringement of the '134 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 5,103,476**

60.     Plaintiff is the owner by assignment of United States Patent No. 5,103,476 ("the '476 Patent") entitled "Secure System for Activating Personal Computer Software at Remote Locations" – including all rights to recover for past and future acts of infringement.   The '476 Patent issued on April 7, 1992.   A true and correct copy of the '476 Patent is attached as Exhibit B.

61.     Upon information and belief, Defendant Adobe has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.   The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration

program provided in a registration computer. The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell. The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file. For example, without limitation, Defendant Adobe is marketing, distributing, using, selling, and offering to sell its Creative Suite, Acrobat, and Photoshop programs. Defendant Adobe is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

62. Upon information and belief, Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display. The program file lacks a critical portion that prevents the program file from operating properly. User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer. The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell. The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file. For example, without limitation, Defendant Apple is marketing, distributing, using, selling, and offering to sell its iTunes, Aperture, QuickTime, and MobileMe programs. Defendant Apple is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

63. Upon information and belief, Defendant Arial has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display. The program file lacks a critical portion that prevents the program file from operating properly. User identification information is entered in the

registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.   The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.   For example, without limitation, Defendant Arial is marketing, distributing, using, selling, and offering to sell its Campaign Enterprise, Email Marketing Director, and AutoResponder programs.   Defendant Arial is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

64.   Upon information and belief, Defendant Autodesk has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.   The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.   The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.   For example, without limitation, Defendant Autodesk is marketing, distributing, using, and selling, and offering to sell its AutoCAD, Autodesk Inventor, and Autodesk Maya programs.   Defendant Autodesk is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

65.   Upon information and belief, Defendant Carbonite has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.   The program file lacks a critical portion that prevents the

program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.   The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.   For example, without limitation, Defendant Carbonite is marketing, distributing, using, selling, and offering to sell its Carbonite.com program.   Defendant Carbonite is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

66.   Upon information and belief, Defendant Corel has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.   The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.   The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.   For example, without limitation, Defendant Corel is marketing, distributing, using, selling, and offering to sell its Digital Studio, Paint Shop Photo, CorelDRAW Graphics Suite, DESIGNER Technical Suite, WinDVD, WordPerfect, and WinZip programs.   Defendant Corel is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

67.   Upon information and belief, Defendant Kodak has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a

process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display. The program file lacks a critical portion that prevents the program file from operating properly. User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer. The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell. The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file. For example, without limitation, Defendant Kodak is marketing, distributing, using, selling, and offering to sell its Digital SHO, Digital GEM and Digital ROC programs. Defendant Kodak is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

68.     Upon information and belief, Defendant IBM has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display. The program file lacks a critical portion that prevents the program file from operating properly. User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer. The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell. The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file. For example, without limitation, Defendant IBM is marketing, distributing, using, selling, and offering to sell its Content Manager, DB2, Informix, InfoSphere, Lotus, Tivoli and Websphere programs. Defendant IBM is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

69.     Upon information and belief, Defendant Intuit has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.  User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.  The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.  For example, without limitation, Defendant Intuit is marketing, distributing, using, selling, and offering to sell its QuickBooks, Online Payroll, TurboTax, and Quicken programs.  Defendant Intuit is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

70.     Upon information and belief, Defendant Microsoft has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.  User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.  The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.  For example, without limitation, Defendant Microsoft is marketing, distributing, using, selling, and offering to sell its Office, OneCare, Windows Server, SQL Server, Silverlight, MS Windows Media, and MS Games programs.  Defendant Microsoft is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

71.     Upon information and belief, Defendant McAfee has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.  The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.  For example, without limitation, Defendant McAfee is marketing, distributing, using, selling, and offering to sell its Total Protection, Internet Security, VirusScan, Endpoint, NetShield, and GroupShield programs.  Defendant McAfee is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

72.     Upon information and belief, Defendant Oracle has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.  The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.  For example, without limitation, Defendant Oracle is marketing, distributing, using, selling, and offering to sell its Database 11g, Fusion Middleware, Enterprise Manager, Developer Suite 10g, Developer Tools for Visual Studio, Warehouse Builder, XML Developer Kit 10g, Data Miner and SQL Developer programs.  Defendant Oracle is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

[24]

73.     Upon information and belief, Defendant RBS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.  The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.   For example, without limitation, Defendant RBS is marketing, distributing, using, selling, and offering to sell its Remote Backup Systems programs. Defendant RBS is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

74.     Upon information and belief, Defendant Rockwell has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.   The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.  For example, without limitation, Defendant Rockwell is marketing, distributing, using, selling, and offering to sell its RSLogix, RSNetWorx, and neteni

programs.  Defendant Rockwell is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

75.     Upon information and belief, Defendant Rosetta has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.   The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.   The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.  For example, without limitation, Defendant Rosetta is marketing, distributing, using, selling, and offering to sell its Rosetta Stone programs.  Defendant Rosetta is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

76.     Upon information and belief, Defendant SAP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.   User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.    The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.   The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.  For example, without limitation, Defendant SAP is

marketing, distributing, using, selling, and offering to sell its BusinessObjects, Crystal Reports, and Xcelsius programs.  Defendant SAP is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

77.     Upon information and belief, Defendant Siemens has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.  User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.  The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.  For example, without limitation, Defendant Siemens is marketing, distributing, using, selling, and offering to sell its Femap and Solid Edge programs. Defendant Siemens is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

78.     Upon information and belief, Defendant Sony has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, using, selling and offering to sell computer software via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display.  The program file lacks a critical portion that prevents the program file from operating properly.  User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer.  The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell.  The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby

allowing operation of the program file.  For example, without limitation, Defendant Sony is marketing, distributing, using, selling, and offering to sell its ACID, Vegas, Sound Forge and Cinescore programs.  Defendant Sony is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '134 Patent;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '134 Patent;

3.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '134 Patent as provided under 35 U.S.C. § 284;

4.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '476 Patent;

5.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '476 Patent;

6.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '476 Patent as provided under 35 U.S.C. § 284;

7.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made as of the date of correspondence with each Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

8.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

9.      Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**BETANET, LLC**

Dated:  December 15, 2009          By:  /s/ Andrew W. Spangler
                                        Andrew W. Spangler
                                        Texas State Bar No. 24041960
                                        **Spangler Law, PC**
                                        208 N Green St., # 300
                                        Longview, TX 75601-7312
                                        Phone: (903) 753-9300

                                        **ATTORNEY FOR PLAINTIFF**
                                        **BETANET, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

December 15, 2009                    /s/      Andrew Spangler
                                     Andrew W. Spangler