IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| **BETANET, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| (1) ADOBE SYSTEMS, INC.; | § | |
| (2) APPLE, INC.; | § | |
| (3) ARIAL SOFTWARE, LLC; | § | |
| (4) AUTODESK, INC.; | § | |
| (5) CARBONITE, INC.; | § | |
| (6) COREL CORP.; | § | CIVIL ACTION NO. 2:09-cv-384 |
| (7) EASTMAN KODAK CO.; | § | |
| (8) INTERNATIONAL BUSINESS MACHINES CORP.; | § | JURY TRIAL DEMANDED |
| (9) INTUIT, INC.; | § | |
| (10) MICROSOFT CORP.; | § | |
| (11) MCAFEE, INC.; | § | |
| (12) ONLINE HOLDINGS, LLC; | § | |
| (13) ORACLE CORP.; | § | |
| (14) ROCKWELL AUTOMATION, INC. | § | |
| (15) ROSETTA STONE, LTD. | § | |
| (16) SAP AMERICA, INC.; | § | |
| (17) SIEMENS CORP.; and | § | |
| (18) SONY CREATIVE SOFTWARE, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' JOINT MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA[1]**

---

[1] This brief is submitted jointly on behalf of defendants Adobe Systems, Apple, Arial Software, Autodesk, Carbonite, Corel, Intuit, Microsoft, McAfee, Online Holdings, Oracle, Rosetta Stone Ltd and SAP America; and joinders in support of the motion are being filed by IBM, Rockwell Automation, Siemens and Sony Creative Software. Defendant Eastman Kodak does not oppose the motion.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................- 1 -

II. LEGAL STANDARD............................................................................................................- 2 -

III. ANALYSIS...........................................................................................................................- 3 -

    A. Personal Jurisdiction ................................................................................................- 3 -

    B. Private Interest Factors .............................................................................................- 5 -

        1. The Relative Ease of Access to Sources of Proof........................................................- 5 -

        2. The Availability of Compulsory Process to Secure the Attendance of Witnesses .....- 7 -

        3. The Cost of Attendance for Willing Witnesses ...........................................................- 8 -

        4. All Other Practical Problems That Make a Trial Easy, Expeditious and Inexpensive- 9 -

    C. Public Interest Factors...............................................................................................- 9 -

        1. The Administrative Difficulties Flowing From Court Congestion..............................- 9 -

        2. The Local Interest in Having Localized Interests Decided at Home ..........................- 9 -

        3. The Familiarity of the Forum with the Law that Will Govern the Case................... - 10 -

        4. The Avoidance of Unnecessary Problems of Conflicts of Laws or the Application of Foreign Law ..............................................................................................................- 10 -

IV. CONCLUSION...................................................................................................................- 11 -

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Abstrax, Inc. v. Sun Microsystems, Inc.*,
  2009 WL 2824581 (E.D. Tex. Aug. 28, 2009) ...................................................................3

*ATEN Int'l Co. Ltd. v. Emine Technology Co. Ltd.*,
  2009 WL 1809978 (E.D. Tex. June 25, 2009) ................................................................8, 10

*Balthasar Online, Inc. v. Network Solutions, LLC*,
  2009 WL 2952230 (E.D. Tex. Sept. 15, 2009) .................................................................3, 4

*Core-Vent Corp. v. Nobel Indus.*,
  AB, 11 F.3d 1482 (9th Cir.1993) ........................................................................................4

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
  328 F.3d 1122 (9th Cir.2003) .............................................................................................4

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ................................................................................. passim

*In re Hoffmann-La Roche*,
  supra, 587 F.3d 1333 (Fed. Cir. 2009) ..............................................................................6

*In re Nintendo Co., Ltd.*,
  2009 WL 4842589 (Fed. Cir. Dec. 17, 2009) ..................................................................3, 6

*In re Telular*,
  319 Fed. Appx. 909 (Fed. Cir. 2009) ..................................................................................6

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ................................................................................2, 8, 10

*In re Volkswagen of America, Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009) ..........................................................................................6

*In re VTech Communications, Inc.*,
  2010 WL 46332 (Fed. Cir. 2010) ........................................................................................6

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) .................................................................4

*Orinda Intellectual Properties USA Holding Group, Inc. v. Sony Corp.*,
  2009 WL 3261932 (E.D. Tex. Sept. 29, 2009) ...................................................................3

*Vasudevan Software, Inc. v. IBM Corp.*,
  2009 WL 3784371 (E.D. Tex. Nov. 10, 2009) ....................................................................3

**STATUTES**

28 U.S.C. § 1404(a) ..................................................................................................2, 3, 8

Cal. Civ. Proc. Code § 410.10 ...........................................................................................4

**OTHER AUTHORITIES**

Rule 45(b)(2)(C) of the Federal Rules of Civil Procedure ..............................................7

FRCP Rule 45 ....................................................................................................................8

Rule 3-1............................................................................................................................1

I. **INTRODUCTION**

BetaNet has sued 18 defendants, but not a single one of them is headquartered in the state of Texas, let alone within this district. Seven of the 18 defendants and the majority of evidence – whether it be physical evidence, witnesses, or otherwise – lie within the Northern District of California ("NDCA"), not the Eastern District of Texas ("EDTX"). Several additional defendants have large offices or other operations in NDCA. The moving defendants therefore all agree that Northern District of California is the most logical and convenient forum for this particular suit. For the same reasons that numerous other cases have recently been transferred under similar circumstances, this case should be transferred as well.

All four private interest and all four public interest factors support transfer or are neutral – none counsel against transfer. Seven of the 18 defendants have headquarters in NDCA, and many of the other defendants have a substantial presence there as well. As was noted in *In re Genentech*, in a patent infringement case the evidence is typically where the defendant is located. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). While Plaintiff has not yet specified the particular features accused of infringement (Local Patent Rule 3-1), because none of the defendants have their principal place of business in Texas, the majority of witnesses, documents, and other physical evidence will be located elsewhere. Since most defendants are headquartered in NDCA or on the West Coast, NDCA has better access to sources of proof, better compulsory process to secure the attendance of witnesses (including former employees of defendants or their predecessors), substantially lower cost of attendance for witnesses, and more "localized interest" in the dispute than EDTX. Moreover, current statistics show that NDCA is not materially more congested than EDTX, NDCA also has local patent rules and is also well versed in hearing patent cases. Defendant's motion should be granted.

## II. LEGAL STANDARD

Change of venue is governed by 28 U.S.C. § 1404(a). Under section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. §1404(a). A motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Genentech*, 566 F.3d at 1342.

The Fifth Circuit applies the "public" and "private" factors for determining *forum non conveniens* when deciding a § 1404(a) motion to transfer venue. *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law." *Id*.

The plaintiff's choice of venue is not a separate factor in this analysis. Rather, the plaintiff's choice of venue has been folded into the test, specifically the defendant's burden, in proving that the transferee venue is "clearly more convenient" than the transferor venue. *TS Tech*, 551 F.3d at 1319.

As far as what constitutes being "clearly more convenient," the Federal Circuit recently reiterated that transfer motions should be granted when the transferee district is significantly more convenient for party witnesses as well as likely non-party witnesses, while the transferor

district has little connection to a case when compared to the transferee district: "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 2009 WL 4842589 *2 (Fed. Cir. Dec. 17, 2009) (citing *In re Hoffmann-La Roche Inc.*, 2009 WL 4281965 (Fed. Cir. Dec. 2, 2009); *Genentech*, 566 F.3d at 1342; *TS Tech,* 551 F.3d at 1318).

This standard has been applied by both this Court and the Federal Circuit in transferring cases. *See, e.g.*, *Genentech*, 566 F.3d 1338 (granting writ of mandamus and ordering transfer to NDCA, holding that district court abused discretion by not transferring venue to NDCA where defendant was headquartered in San Francisco and there were far more ties to NDCA than EDTX); *Abstrax, Inc. v. Sun Microsystems, Inc.*, 2009 WL 2824581 (E.D. Tex. Aug. 28, 2009) (transferring to NDCA where most witnesses were in NDCA); *Balthasar Online, Inc. v. Network Solutions, LLC*, 2009 WL 2952230 (E.D. Tex. Sept. 15, 2009) (transferring to NDCA where numerous defendants were headquartered in California and had more ties to NDCA than EDTX); *Orinda Intellectual Properties USA Holding Group, Inc. v. Sony Corp.*, 2009 WL 3261932 (E.D. Tex. Sept. 29, 2009) (transferring to NDCA where majority of evidence and witnesses were in Bay Area or San Diego, with little in EDTX); *Vasudevan Software, Inc. v. IBM Corp.*, 2009 WL 3784371 (E.D. Tex. Nov. 10, 2009) (transferring to NDCA where development of accused products was in Bay Area, witnesses were in Bay Area, and there was little tie to EDTX).

### III.   ANALYSIS

#### A.   Personal Jurisdiction

Before addressing the venue transfer factors, there is the threshold question of whether the transferee district is one in which the action "might have been brought" by the plaintiff. 28

U.S.C. § 1404(a); *Genentech,* 566 F.3d at 1341-42.

This case could have been brought in NDCA. Where no federal statute controls the Court's exercise of personal jurisdiction, the forum state's jurisdictional statute determines whether it is proper to assert personal jurisdiction. *See Core-Vent Corp. v. Nobel Indus.*, AB, 11 F.3d 1482, 1484 (9th Cir.1993). The California "long-arm statute provides that '[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.'" Cal. Civ. Proc. Code § 410.10. The limits of the California long-arm statute are co-extensive with the limits of the federal due process clause. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir.2003). Due process is satisfied if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotations omitted).

BetaNet's complaint in this case alleges that each defendant is subject to jurisdiction in EDTX based on a "stream of commerce" theory, namely that each defendant does "substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District." [*See* Exh. 1 (Complaint) at ¶¶23-40.] This same "stream of commerce" jurisdictional argument equally applies to the NDCA, however. *See Balthasar*, 2009 WL 2952230 at *4 (holding that since plaintiff had made its own allegations based on stream of commerce into EDTX, it could not justifiably argue that there was not a stream of commerce into the transferee district).

Accordingly, jurisdiction would be proper in NDCA.

### B. Private Interest Factors

#### 1. The Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (internal citations and quotations omitted). In this case, there are 18 defendants, seven of whom (Adobe, Apple, Autodesk, Corel,[2] Intuit, McAfee and Oracle) have their principal place of business in the San Francisco Bay Area, squarely within the NDCA. [*See* Exhibit 1 (Complaint) at ¶¶ 3, 4, 6, 8, 11, 13, 15.] Many others have major offices or operations in Northern California. None of the defendants are headquartered in EDTX or elsewhere in Texas. [*See* Exhibit 1 (Complaint) at ¶¶3-20.] While several are large corporations with operations of some kind in Texas, including a handful with branch offices in Plano, none are headquartered in Texas or have their principal operations there; and none have identified evidence or witnesses related to the allegations of the complaint located in Plano or elsewhere in Texas. Although specific infringement contentions have not yet been disclosed, based on the allegations in the complaint, the "bulk of relevant evidence" will relate to the accused products and be located within NDCA at the headquarters of the defendants clustered there, weighing strongly in favor of transfer.

BetaNet may argue that with defendants spread across the country (and indeed the globe), EDTX is "centrally located," but this argument has repeatedly failed. *Genentech*, 566 F.3d at 1344 ("In the present case, it is undisputed that no identified witness is a resident of Texas, let

---

[2] Corel Corp. is a Canadian corporation, with its U.S. subsidiary, Corel Inc., having its principal place of business in the Northern District of California in Mountain View, CA. [*See* Exhibit 1 (Complaint) at ¶8.]

alone a resident of the Eastern District of Texas. Thus, the district court improperly used its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue."); *Nintendo*, 2009 WL 4842589 at *4 (noting that "[t]his court has already questioned this type of reasoning in another case involving the Eastern District of Texas" and that "it is improper to consider the centralized location of the Eastern District of Texas when no identified witness resides in the district").[3]

Aside from BetaNet itself, no party is headquartered within EDTX. No known witnesses are located in EDTX. The inventors and original assignee of the patents were from Virginia. [*See* Exhibits 2 and 3 ('476 and '134 patents).] BetaNet, though headquartered within EDTX, appears to simply be a holding company that only recently purchased the patents and incorporated in Texas a mere two months before filing suit for the sole purpose of filing suit. [*See* Exhibit 4 (BetaNet, LLC Certificate of Formation).] It is therefore unlikely BetaNet has local witnesses or documents related to the patents' research and development, any embodying products, or anything else related to this case. Moreover, contacts with the forum, deliberately created in anticipation of litigation or a motion to transfer venue, are entitled to little if any weight. *In re Hoffmann-La Roche, supra,* 587 F.3d 1333, 1337 (Fed. Cir. 2009), quoting *Van Dusen v. Barrack,* 376 U.S. 612, 625 (1964). ("Section 1404(a) 'should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just.' A plaintiff's attempts to

---

[3] Defendants are aware of three recent cases where transfer was denied even where there were no significant ties to EDTX, but all are factually distinguishable from the present situation, and none endorsed the centrally-located argument. *In re Telular*, 319 Fed. Appx. 909 (Fed. Cir. 2009) (denying mandamus, noting that there was no congregation of witnesses or documents in any single district); *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (denying mandamus where there had been two previous cases in EDTX on same subject matter, which was of "paramount consideration"); *In re VTech Communications, Inc.*, 2010 WL 46332 (Fed. Cir. 2010) (denying mandamus where EDTX had already completed claim construction and where witnesses and evidence were not congregated in any district).

manipulate venue in anticipation of litigation or a motion to transfer falls squarely within these prohibited activities.") Like its corporate headquarters, whatever documents BetaNet may have locally can only have been sent here for this case, and cannot compare to the hundreds of thousands of documents likely to be produced by the defendants, many of which are congregated in NDCA. As the Federal Circuit noted in *Genentech*, "[k]eeping this case in the Eastern District of Texas will impose a significant and unnecessary burden on the petitioners to transport documents that would not be incurred if the case were to proceed in the Northern District of California." *Genentech*, 566 F.3d at 1346.

Overall, this factor strongly weighs in favor of transfer, with the NDCA being the most appropriate venue.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Pursuant to Rule 45(b)(2)(C) of the Federal Rules of Civil Procedure, a district court may generally compel attendance through the issuance of a subpoena at any place within the district of the court by which it is issued or at any place within 100 miles of where the deposition, trial, or hearing is being held.

Defendants are currently unaware of a single non-party witness located within 100 miles of Marshall, Texas. By contrast, as in the numerous cases cited above that transferred from EDTX to NDCA, a large percentage of party and non-party witnesses will be located in Northern California. In *Genentech*, the Federal Circuit held that because there was "a substantial number of witnesses within the subpoena power of the Northern District of California and no witness who can be compelled to appear in the Eastern District of Texas" the factor "weighs in favor of transfer, and not only slightly." *Genentech*, 566 F.3d at 1345.

### 3. The Cost of Attendance for Willing Witnesses

This factor is analyzed giving broad consideration to the parties and witnesses in all claims and controversies in a proceeding. *ATEN Int'l Co. Ltd. v. Emine Technology Co. Ltd.*, 2009 WL 1809978 at *10 (E.D. Tex. June 25, 2009). Further, regardless of the actual likelihood of a particular witness testifying at trial, the relative materiality of witnesses' testimony is irrelevant to this inquiry. *Genentech*, 566 F.3d at 1344 ("Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary."). Thus, all likely potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case. *ATEN, supra,* 2009 WL 1809978 at *10.

The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this factor. *Genentech,* 566 F.3d at 1343. This is a rule of convenience, not a limit on FRCP Rule 45 subpoena power. When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. *Id*. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance away from witnesses than the transferor venue. *ATEN, supra,* 2009 WL 1809978 at *10; *TS Tech*, 551 F.3d at 1320.

At this early stage in the litigation, it is unknown where all potential relevant witnesses reside, but none have been identified in EDTX, and based on the concentration of defendants in Northern California, a large number of witnesses related at least to the accused products will be congregated in and around NDCA. Because of this, the 100 mile rule strongly favors transfer to the NDCA. While some witnesses from overseas and the East Coast may have to travel farther, these witnesses are in the minority, when compared to all of the witnesses in NDCA and

elsewhere on the West Coast; and in many instances that additional distance poses less actual travel time and cost. Thus, when a witness will be required to travel "a significant distance no matter where they testify," then that witness is discounted for purposes of the 100 mile rule analysis. *Genentech*, 566 F.3d at 1344, 1345-46.

### 4. All Other Practical Problems That Make a Trial Easy, Expeditious and Inexpensive

This factor is inapplicable (and thus neutral) in this case, since Defendants are unaware of any other suits involving BetaNet and these patents. Additionally, all of the moving defendants, whether located in or out of NDCA, agree that NDCA is the venue which, on balance, makes the most sense for transfer in this particular case. Accordingly, there is no risk of duplicative suits or potentially inconsistent results.

## C. Public Interest Factors

### 1. The Administrative Difficulties Flowing From Court Congestion

The court must consider how quickly a case will come to trial and be resolved. *Genentech, Inc.*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id*. The *Genentech* court examined the time to trial between NDCA and EDTX, and did not disturb the district court decision that EDTX could dispose of the case more quickly, but nonetheless granted a writ of mandamus to transfer to NDCA. Differences in time are more case than district dependent and vary with judges within each district. Defendants believe this factor is neutral.

### 2. The Local Interest in Having Localized Interests Decided at Home

Interests that "could apply virtually to any judicially district or division in the United

- 9 -

States," such as nationwide sales of a product, are disregarded in favor of particularized local interests. *TS Tech*, 551 F.3d at 1321. As stated above, since the only tie between the defendants and EDTX is based on a "stream of commerce" theory, this same connection applies to virtually all districts. But "[t]he mere fact that an accused product is available in this district is not a particularized interest that weighs against transfer." *ATEN*, 2009 WL 1809978 at *11. BetaNet's own recent acquisition of the patent and formation in EDTX, just two months before filing suit, bears little if any on local interests. It appears to have no other operations in the district or other reason to locate here except to bring suit, and the State of Texas has no interest in a case based solely on payment of an incorporation fee to the Secretary of State. On the other hand, the fact that seven of the Defendants have principal places of business in NDCA, while others have major offices or operations there, gives NDCA a particularized local interest in the suit no matter the outcome, as it is the primary locus of the complaint's allegations and evidence. *Id*.

        **3.**     **The Familiarity of the Forum with the Law that Will Govern the Case**

This factor is neutral as both districts have demonstrated great proficiency in handling patent litigation, both have local patent rules, and both have been among the top districts for patent filings for many years.

        **4.**     **The Avoidance of Unnecessary Problems of Conflicts of Laws or the Application of Foreign Law**

None of the prior cases transferring to NDCA have needed to address this issue, and similarly there are no known issues regarding conflicts of law in this case. Thus, this factor is neutral as well.

## IV. CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this motion to transfer venue to NDCA be granted.

Dated: January 26, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Ruffin B. Cordell*
    Ruffin B. Cordell
    Texas Bar No. 04820550
    (e-mail: cordell@fr.com)
    FISH & RICHARDSON P.C.
    1425 K Street, 11th Floor
    Washington, DC 20005
    Telephone: (202) 783-5070

On behalf of Defendants:
ADOBE SYSTEMS, INC.,
APPLE, INC.,
ARIAL SOFTWARE, LLC,
AUTODESK, INC.,
CARBONITE, INC.,
COREL CORP.,
INTUIT, INC.,
MICROSOFT CORP.,
McAFEE, INC.,
ONLINE HOLDINGS, LLC,
ORACLE CORP.,
ROSETTA STONE, LTD. and
SAP AMERICA, INC.

## CERTIFICATE OF CONFERENCE

      I certify that the conference with counsel for BetaNet LLC ("BetaNet") Pursuant to L.R. CV-7(h) occurred in a good faith effort to resolve the items presented to the Court in Defendants' Joint Motion To Transfer Venue To The Northern District Of California. Counsel for BetaNet indicated that BetaNet would oppose this motion.

                                 */s/ Ruffin B. Cordell*
                                 Ruffin B. Cordell

                                 On behalf of Defendants:
                                 ADOBE SYSTEMS, INC.,
                                 APPLE, INC.,
                                 ARIAL SOFTWARE, LLC,
                                 AUTODESK, INC.,
                                 CARBONITE, INC.,
                                 COREL CORP.,
                                 INTUIT, INC.,
                                 MICROSOFT CORP.,
                                 McAFEE, INC.,
                                 ONLINE HOLDINGS, LLC,
                                 ORACLE CORP.,
                                 ROSETTA STONE, LTD. and
                                 SAP AMERICA, INC.

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 26, 2010, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                 */s/ Ruffin B. Cordell*
                                 Ruffin B. Cordell

50695331