IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BETANET, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>ADOBE SYSTEMS, INC., ET AL.,<br><br>      Defendants. | Civil Action No. 2:09-cv-00384<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT INTUIT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF BETANET, LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

For its Answer to Plaintiff BetaNet, LLC's ("BetaNet") First Amended Complaint for Patent Infringement and Jury Trial Demand ("Amended Complaint"), Defendant and Counterclaimant Intuit Inc. ("Intuit") responds as follows, with paragraphs 1-78 of the Answer below responding to the corresponding numbered paragraphs of the Amended Complaint.

LA1 1703275v.2

1. Intuit admits only that the Amended Complaint purports to be an action for patent infringement. Intuit denies all remaining allegations in paragraph 1 of the Amended Complaint.

**PARTIES**

2. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint, and accordingly, denies the same.

3. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint, and accordingly, denies the same.

4. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint, and accordingly, denies the same.

5. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint, and accordingly, denies the same.

6. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint, and accordingly, denies the same.

7. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint, and accordingly, denies the same.

8. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint, and accordingly, denies the same.

9. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint, and accordingly, denies the same.

10. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint, and accordingly, denies the same.

11. Intuit admits that it is a Delaware corporation and its registered agent in Texas is the Prentice-Hall Corp. System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701. Intuit's principal place of business is 2700 Coast Avenue, Mountain View, California 94043. Except as so admitted, Intuit denies the remaining allegations in paragraph 11 of the Amended Complaint

12. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, and accordingly, denies the same.

13. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint, and accordingly, denies the same.

14. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint, and accordingly, denies the same.

LA1 1703275v.2

15. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint, and accordingly, denies the same.

16. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint, and accordingly, denies the same.

17. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint, and accordingly, denies the same.

18. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Amended Complaint, and accordingly, denies the same.

19. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint, and accordingly, denies the same.

20. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint, and accordingly, denies the same.

## JURISDICTION AND VENUE

21. Intuit admits that the Amended Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code, but denies any infringement or liability. Intuit admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a). Except as so admitted, Intuit denies all remaining allegations in paragraph 21 of the Amended Complaint.

22. Intuit admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), but denies that this Court is the most convenient forum. In this regard, Intuit incorporates by reference Defendants' Joint Motion to Transfer Venue to the Northern District of California, Dkt. No. 53, filed January 26, 2010. Intuit admits that it has conducted business in this district. Intuit denies that it has committed any acts of patent infringement in this district. As to the allegations in paragraph 22 of the Amended Complaint regarding other named co-defendants, Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly, denies the same. Except as so admitted, Intuit denies all remaining allegations in paragraph 22 of the Amended Complaint.

23. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint, and accordingly, denies the same.

24. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint, and accordingly, denies the same.

25. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Amended Complaint, and accordingly, denies the same.

26. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint, and accordingly, denies the same.

27. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint, and accordingly, denies the same.

28. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint, and accordingly, denies the same.

29. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Amended Complaint, and accordingly, denies the same.

30. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint, and accordingly, denies the same.

31. Intuit admits that this Court has personal jurisdiction for purposes of this action only. Intuit admits that it has conducted business in this jurisdiction. Intuit denies all remaining allegations in paragraph 31 of the Amended Complaint. More specifically, Intuit denies that it has committed any acts of infringement.

32. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Amended Complaint, and accordingly, denies the same.

33. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Amended Complaint, and accordingly, denies the same.

34. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Amended Complaint, and accordingly, denies the same.

35. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint, and accordingly, denies the same.

36. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Amended Complaint, and accordingly, denies the same.

37. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Amended Complaint, and accordingly, denies the same.

38. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Amended Complaint, and accordingly, denies the same.

39. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint, and accordingly, denies the same.

40. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint, and accordingly, denies the same.

## COUNT I

### (Infringement of U.S. Patent. No. 5,222,134)

41.     Intuit admits that a copy of U.S. Patent No. 5,222,134 ("the '134 Patent") is attached to the Amended Complaint as Exhibit A.  Intuit further admits that the face of the '134 patent shows an issue date of June 22, 1993, and that the '134 patent is entitled "Secure System for Activating Personal Computer Software at Remote Locations."  Intuit denies all remaining allegations in paragraph 41 of the Amended Complaint.

42.     Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint, and accordingly, denies the same.

43.     Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Amended Complaint, and accordingly, denies the same.

44.     Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Amended Complaint, and accordingly, denies the same.

45.     Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Amended Complaint, and accordingly, denies the same.

46.     Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Amended Complaint, and accordingly, denies the same.

47. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Amended Complaint, and accordingly, denies the same.

48. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Amended Complaint, and accordingly, denies the same.

49. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Amended Complaint, and accordingly, denies the same.

50. Intuit admits that it is marketing, distributing, selling, and offering to sell its QuickBooks, Online Payroll, TurboTax, and Quicken products. Except as so admitted, Intuit denies all remaining allegations in paragraph 50 of the Amended Complaint. More specifically, Intuit denies that it has committed any acts of infringement.

51. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Amended Complaint, and accordingly, denies the same.

52. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Amended Complaint, and accordingly, denies the same.

53. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Amended Complaint, and accordingly, denies the same.

54. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Amended Complaint, and accordingly, denies the same.

55. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Amended Complaint, and accordingly, denies the same.

56. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Amended Complaint, and accordingly, denies the same.

57. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Amended Complaint, and accordingly, denies the same.

58. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Amended Complaint, and accordingly, denies the same.

59. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Amended Complaint, and accordingly, denies the same.

## COUNT II

**(Infringement of U.S. Patent No. 5,103,476)**

60. Intuit admits that a copy of U.S. Patent No. 5,103,476 ("the 476 Patent") is attached to the Amended Complaint as Exhibit B. Intuit further admits that the face of the '476 patent shows an issue date of April 7, 1992, and the '476 patent is entitled "Secure System for

Activating Personal Computer Software at Remote Locations." Intuit denies all remaining allegations in paragraph 60 of the Amended Complaint.

61. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Amended Complaint, and accordingly, denies the same.

62. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Amended Complaint, and accordingly, denies the same.

63. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Amended Complaint, and accordingly, denies the same.

64. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint, and accordingly, denies the same.

65. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Amended Complaint, and accordingly, denies the same.

66. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Amended Complaint, and accordingly, denies the same.

67. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Amended Complaint, and accordingly, denies the same.

68. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Amended Complaint, and accordingly, denies the same.

69. Intuit admits that it is marketing, distributing, selling, and offering to sell its QuickBooks, Online Payroll, TurboTax, and Quicken products. Except as so admitted, Intuit denies all remaining allegations in paragraph 69 the Amended Complaint. More specifically, Intuit denies that it has committed any acts of patent infringement.

70. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Amended Complaint, and accordingly, denies the same.

71. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Amended Complaint, and accordingly, denies the same.

72. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Amended Complaint, and accordingly, denies the same.

73. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Amended Complaint, and accordingly, denies the same.

74. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Amended Complaint, and accordingly, denies the same.

75. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Amended Complaint, and accordingly, denies the same.

76. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Amended Complaint, and accordingly, denies the same.

77. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Amended Complaint, and accordingly, denies the same.

78. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Amended Complaint, and accordingly, denies the same.

## **GENERAL DENIAL**

Intuit denies all allegations contained in the Amended Complaint, except those expressly admitted in its Answer herein.

## **PRAYER FOR RELIEF**

With respect to the allegations in this section of the Amended Complaint, Intuit admits that BetaNet seeks the relief set forth therein, but denies that BetaNet is entitled to any of the relief requested against Intuit. Accordingly, Intuit denies the allegations in the "Prayer for Relief."

## INTUIT'S AFFIRMATIVE DEFENSES

Intuit asserts the following affirmative defenses. By pleading these defenses, Intuit does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues.

### First Affirmative Defense

### (Failure to State a Claim)

79. BetaNet's Amended Complaint and each purported claim against Intuit alleged therein fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Non-infringement)

80. Intuit has not and does not (a) literally infringe, (b) infringe under the doctrine of equivalents, (c) contributorily infringe or (d) induce infringement of any claim of the '134 or '476 patents.

### Third Affirmative Defense

### (Invalidity)

81. On information and belief, each and every claim of the '134 and '476 patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and the rules, regulations, and laws pertaining thereto.

### Fourth Affirmative Defense

### (Laches)

82. On information and belief, BetaNet's claims of alleged infringement are barred, in whole or part, under the doctrine of laches and/or statute of limitations.

LA1 1703275v.2

### Fifth Affirmative Defense

### (Prosecution History Estoppel)

83. On information and belief, BetaNet's claims are barred by the doctrine of prosecution history estoppel.

### Sixth Affirmative Defense

### (Marking)

84. On information and belief, BetaNet's damages are limited or unavailable pursuant to 35 U.S.C. § 287.

### Seventh Affirmative Defense

### (Injunctive Relief)

85. On information and belief, BetaNet's claims for injunctive relief are barred because BetaNet has an adequate remedy at law.

### Eighth Affirmative Defense

### (Other Defenses Reserved)

86. Intuit expressly reserves the right to assert any other legal or equitable defenses that may now or in the future be available to Intuit based on discovery, applicable law or any other factual or legal matter.

## INTUIT'S COUNTERCLAIMS

Intuit Inc. ("Intuit") asserts the following counterclaims against Plaintiff BetaNet, LLC ("BetaNet").

### Parties

1.  Intuit is incorporated under the laws of Delaware with a principal place of business at 2700 Coast Avenue, Mountain View, California 94043.

2.  On information and belief, BetaNet is a Texas limited liability company with its principal place of business at Energy Center, 719 West Front Street, Suite 105, Tyler, Texas, 75702.

### Jurisdiction and Venue

3.  This action arises under the Patent Laws of the United States 35 U.S.C. § 1 *et seq*, and the Federal Declaratory Judgment Acts 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Intuit and BetaNet, and Intuit respectfully requests a declaration of its rights by this Court. The controversy relates to the non-infringement and invalidity of U.S. Patent No. 5,222,134 ("the '134 patent") and U.S. Patent No. 5,103,476 ("the '476 patent"), and to BetaNet's right to threaten and/or maintain a suit for infringement of the '134 and '476 patents. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.  Intuit's Counterclaims are being presented contingent upon the correctness of venue of BetaNet's First Amended Complaint for Patent Infringement and Jury Demand ("Amended Complaint"). To the extent that this judicial district is a correct and convenient venue for the Amended Complaint, it also is a proper and convenient venue for Intuit's Counterclaims under 28 U.S.C. §§ 1391(b) and (c).

LA1 1703275v.2

**First Counterclaim**

**(Declaratory Judgment of Non-infringement of the '134 and '476 Patents)**

5. Intuit re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-4 above.

6. In the Amended Complaint, BetaNet alleges that it is the owner of the '134 and '476 patents. BetaNet alleges that Intuit infringed one or more claims of the '134 and '476 patents.

7. Intuit has not been and is not now infringing (either literally or under the doctrine of equivalents), contributorily infringing, or inducing infringement of any claim of the '134 and '476 patents and Intuit is not liable for damages arising from the claimed infringement.

8. Accordingly, a valid and justiciable controversy has arisen and exists between Intuit and BetaNet. Intuit desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited in paragraphs 6-7 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the non-infringement

**Second Counterclaim**

**(Declaratory Judgment of Invalidity of the '134 and '476 patents)**

9. Intuit re-alleges and incorporates by reference herein the allegations of paragraphs 1-8 above.

10. Intuit contends that each and every claim of the '134 and '476 patents is void and invalid for failure to comply with the requirements of Title 35, United States Code, including,

but not limited to, §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

11.   Intuit is informed and believes, and on that basis alleges, that BetaNet contends that the '134 and '476 patents are valid and enforceable.

12.   Accordingly, a valid and justiciable controversy has arisen and exists between Intuit and BetaNet.  Intuit desires a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited in paragraphs 10-11 above.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## Demand for Relief

WHEREFORE, Defendant/Counterclaimant Intuit prays for the following:

A.   A judgment that Plaintiff take nothing by its Amended Complaint;

B.   A judgment that Plaintiff's Amended Complaint against Intuit be dismissed with prejudice and that all relief requested by Plaintiff be denied with prejudice;

C.   A judgment that Intuit has not and does not infringe (either literally or under the doctrine of equivalents), contributorily infringe or induce infringement of any claim of the '134 and '476 patents;

D.   A judgment that the claims of the '134 and '476 patents are invalid, and therefore, without any force or effect against Intuit;

E.   A judgment that this case is exceptional, and that Intuit be awarded its reasonable attorneys' fees and its costs pursuant to 35 U.S.C. § 285; and

F.   A judgment that such other relief is awarded to Intuit as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38, Intuit hereby demands a trial by jury for all claims and all issues in its Counterclaims properly triable thereby.

Respectfully submitted,

GILLAM & SMITH, L.L.P.

Dated:  February 9, 2010      By: */s/Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
E-mail:  melissa@gillamsmithlaw.com

*/s/Denise L. McKenzie (with permission)*

Edward G. Poplawski
Denise L. McKenzie
Spencer W. Ririe
Michael C. Lee
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000

Attorneys For Defendant
Intuit Inc.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 9th day of February, 2010.

                        */s/Melissa Richards Smith*
                        Melissa Richards Smith

LA1 1703275v.2