**UNITED STATES DISTRICT COURT
EASTER DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BETANET, LLC, <br><br>                      Plaintiff, <br>    v. <br><br> (1)    ADOBE SYSTEMS, INC.; <br> (2)    APPLE, INC.; <br> (3)    ARIAL SOFTWARE, LLC <br> (4)    AUTODESK, INC.; <br> (5)    CARBONITE, INC.; <br> (6)    COREL CORP.; <br> (7)    EASTMAN KODAK CO.; <br> (8)    INTERNATIONAL BUSINESS MACHINES CORP.; <br> (9)    INTUIT, INC.; <br> (10) MICROSOFT CORP.; <br> (11) MCAFEE, INC.; <br> (12) ONLINE HOLDINGS, LLC; <br> (13) ORACLE CORP.; <br> (14) ROCKWELL AUTOMATION, INC.; <br> (15) ROSETTA STONE, LTD.; <br> (16) SAP AMERICA, INC.; <br> (17) SIEMENS CORP.; and <br> (18) SONY CREATIVE SOFTWARE, INC., <br><br>                      Defendants. | Civil Case No. 2:09-cv-384-DF-CE <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT COREL CORP.'S ANSWER
TO PLAINTIFF BETANET, LLC'S FIRST AMENDED COMPLAINT**

Defendant Corel Corporation ("Corel Corp."), by and through its undersigned attorneys, responds to the First Amended Complaint ("Complaint") of Plaintiff BetaNet, LLC ("BetaNet") as follows:

      1.     Corel Corp. denies each and every allegation contained in Paragraph 1, except that Corel Corp. admits that the Complaint purports to assert claims of patent infringement.

## THE PARTIES

2. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies each and every allegation contained therein.

3. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies each and every allegation contained therein.

4. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies each and every allegation contained therein.

5. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies each and every allegation contained therein.

6. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies each and every allegation contained therein.

7. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies each and every allegation contained therein.

8. Corel Corp. denies each and every allegation contained in Paragraph 8, except that Corel Corp. admits that it is a Canadian corporation.

9. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies each and every allegation contained therein.

10. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies each and every allegation contained therein.

11. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies each and every allegation contained therein.

12. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies each and every allegation contained therein.

13. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies each and every allegation contained therein.

14. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies each and every allegation contained therein.

15. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies each and every allegation contained therein.

16. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies each and every allegation contained therein.

17. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies each and every allegation contained therein.

18. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies each and every allegation contained therein.

19. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies each and every allegation contained therein.

20. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

21. Corel Corp. admits that BetaNet purports to bring a patent infringement action pursuant to Title 35 of the United States Code. Corel Corp. admits that Court has subject matter jurisdiction over this case.

22. Corel Corp. admits that it has transacted business in this district. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding the other defendants and on that basis denies each and every such allegation contained therein. Corel Corp. denies that it has committed and/or induced acts of patent infringement. Corel Corp. denies that the convenient venue for this action is in the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Corel Corp. does not dispute that venue is proper pursuant to 28 U.S.C. §§ 1391(c). Corel Corp. denies all other allegations not expressly admitted herein.

23. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies each and every allegation contained therein.

24. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies each and every allegation contained therein.

25. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies each and every allegation contained therein.

26. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies each and every allegation contained therein.

27. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies each and every allegation contained therein.

28. Corel Corp. does not dispute this Court's personal jurisdiction over Corel Corp. for the purpose of this case and this case only. Corel Corp. denies that it infringes the patents-in-suit and denies all other allegations not expressly admitted herein.

29. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies each and every allegation contained therein.

30. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies each and every allegation contained therein.

31. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies each and every allegation contained therein.

32. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies each and every allegation contained therein.

33. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies each and every allegation contained therein.

34. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies each and every allegation contained therein.

35. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis denies each and every allegation contained therein.

36. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies each and every allegation contained therein.

37. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis denies each and every allegation contained therein.

38. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies each and every allegation contained therein.

39. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies each and every allegation contained therein.

40. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis denies each and every allegation contained therein.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,222,134

41. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies each and every allegation contained therein, except that Corel Corp. admits that the U.S. Patent and Trademark Office issued U.S. Patent No. 5,222,134 (the "'134 Patent"), entitled "Secure System for Activating Personal Computer Software at Remote Locations," on June 22, 1993, and that a copy of the '134 Patent was attached as Exhibit A to the Complaint.

42. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies each and every allegation contained therein.

43. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies each and every allegation contained therein.

44. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis denies each and every allegation contained therein.

45. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis denies each and every allegation contained therein.

46. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies each and every allegation contained therein.

47. Corel Corp. denies each and every allegation contained in Paragraph 47.

48. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies each and every allegation contained therein.

49. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies each and every allegation contained therein.

50. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies each and every allegation contained therein.

51. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies each and every allegation contained therein.

52. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies each and every allegation contained therein.

53. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies each and every allegation contained therein.

54. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis denies each and every allegation contained therein.

55. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and on that basis denies each and every allegation contained therein.

56. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis denies each and every allegation contained therein.

57. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis denies each and every allegation contained therein.

58. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies each and every allegation contained therein.

59. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies each and every allegation contained therein.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 5,103,476**

60. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies each and every allegation contained therein, except that Corel Corp. admits that the U.S. Patent and Trademark Office issued U.S. Patent No. 5,103,476 (the "'476 Patent"), entitled "Secure System for Activating Personal Computer Software at Remote Locations," on April 7, 1992, and that a copy of the '476 Patent was attached as Exhibit B to the Complaint.

61. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis denies each and every allegation contained therein.

62. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis denies each and every allegation contained therein.

63. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis denies each and every allegation contained therein.

64. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis denies each and every allegation contained therein.

65. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies each and every allegation contained therein.

66. Corel Corp. denies each and every allegation contained in Paragraph 66.

67. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and on that basis denies each and every allegation contained therein.

68. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and on that basis denies each and every allegation contained therein.

69. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and on that basis denies each and every allegation contained therein.

70. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and on that basis denies each and every allegation contained therein.

71. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis denies each and every allegation contained therein.

72. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and on that basis denies each and every allegation contained therein.

73. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies each and every allegation contained therein.

74. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies each and every allegation contained therein.

75. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies each and every allegation contained therein.

76. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies each and every allegation contained therein.

77. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies each and every allegation contained therein.

78. Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies each and every allegation contained therein.

## **PRAYER FOR RELIEF**

In response to BetaNet's prayer for relief, Corel Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other

defendants and on that basis denies each and every allegation contained therein. In response to BetaNet's prayer for relief against Corel Corp., Corel Corp. denies each and every allegation contained therein. Further, Corel Corp. specifically denies that BetaNet is entitled to any of the relief requested in the Complaint; specifically denies that BetaNet is entitled to a judgment that any of the patents-in-suit have been infringed by Corel Corp.; specifically denies that BetaNet is entitled to any injunctive relief; specifically denies that BetaNet is entitled to damages, costs, expenses, prejudgment or post judgment interest, or any disbursements whatsoever in this action; specifically denies that BetaNet is entitled to any award of enhanced damages; specifically denies that BetaNet is entitled to a finding that this is an exceptional case; specifically denies that BetaNet is entitled to an award of attorneys' fees; and specifically denies that BetaNet has been damaged by the acts of Corel Corp. in any way.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Corel Corp. has not infringed and is not infringing the patents-in-suit directly, indirectly, contributorily, or by inducement.

### SECOND AFFIRMATIVE DEFENSE

2. The patents-in-suit are invalid and/or unenforceable because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101 *et seq*.

### THIRD AFFIRMATIVE DEFENSE

3. BetaNet's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

5. BetaNet is barred, under the doctrine of prosecution history estoppel, from construing the claims of the patents-in-suit in such a way as may cover any of Corel Corp.'s

products or processes by reasons of statements made to the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patents-in-suit.

## FIFTH AFFIRMATIVE DEFENSE

6. On information and belief, BetaNet's claims are barred, in whole or in part, because BetaNet does not possess all rights in the patents-in-suit and therefore lacks standing to bring suit.

## COUNTERCLAIMS OF DEFENDANT
## AND COUNTERCLAIMANT COREL CORP.

For its counterclaims against BetaNet, LLC ("BetaNet"), Defendant and Counterclaimant Corel Corporation ("Corel Corp.") alleges as follows:

## JURISDICTION AND PARTIES

1. The Court has jurisdiction to declare the rights and interests of the parties related to these counterclaims for declaratory judgment of patent invalidity and noninfringement pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2201, and the patent laws of the United States, Title 35, United States Code.

2. Corel Corp. is a corporation organized and existing under the laws of Canada and has its principal place of business in Ottawa, Ontario.

3. Corel Corp. is informed and believes that Plaintiff and Counterdefendant BetaNet is a Texas limited liability company with a principal place of business at Energy Center, 719 West Front Street, Suite 105, Tyler, Texas 75702.

4. While Corel Corp. denies that the convenient venue for this action is in the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a), Corel Corp. alleges for purposes of these counterclaims only that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## FIRST COUNTERCLAIM FOR RELIEF
## INVALIDITY AND/OR UNENFORCEABILITY OF THE '134 PATENT

5. Corel Corp. incorporates by reference the allegations set forth in the previous paragraphs.

6. On June 22, 1993, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,222,134 ("the '134 Patent"), entitled "Secure System for Activating Personal Computer Software at Remote Locations."

7. BetaNet claims to be the owner of the '134 Patent.

8. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Corel Corp. and BetaNet with respect to the invalidity and/or unenforceability of the '134 Patent.

9. Each of the claims of the '134 Patent is invalid and/or unenforceable for failing to satisfy one or more of the conditions and requirements for patentability specified in Title 35 of the United States Code.

## SECOND COUNTERCLAIM FOR RELIEF
## NONINFRINGEMENT OF THE '134 PATENT

10. Corel Corp. incorporates by reference the allegations set forth in the previous paragraphs.

11. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Corel Corp. and BetaNet with respect to the infringement of the '134 Patent.

12. Corel Corp. does not and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of '134 Patent.

## THIRD COUNTERCLAIM FOR RELIEF
## INVALIDITY AND/OR UNENFORCEABILITY OF THE '476 PATENT

13. Corel Corp. incorporates by reference the allegations set forth in the previous paragraphs.

14. On April 7, 1992, the U.S. Patent and Trademark Office U.S. Patent No. 5,103,476 ("the '476 Patent"), entitled "Secure System for Activating Personal Computer Software at Remote Locations."

15. BetaNet claims to be the owner of the '476 Patent.

16. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Corel Corp. and BetaNet with respect to the invalidity and/or unenforceability of the '476 Patent.

17. Each of the claims of the '476 Patent is invalid and/or unenforceable for failing to satisfy one or more of the conditions and requirements for patentability specified in Title 35 of the United States Code.

## FOURTH COUNTERCLAIM FOR RELIEF
## NONINFRINGEMENT OF THE '476 PATENT

18. Corel Corp. incorporates by reference the allegations set forth in the previous paragraphs.

19. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Corel Corp. and BetaNet with respect to the infringement of the '476 Patent.

20. Corel Corp. does not and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '476 Patent.

## REQUEST FOR JURY TRIAL

21. Corel Corp. hereby requests a trial by jury of all issues in this Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant Corel Corp. prays:

(1) that the Court dismiss with prejudice the First Amended Complaint, that BetaNet take nothing by reason of the First Amended Complaint, and that judgment be rendered in favor of Corel Corp.;

(2) that the Court render judgment declaring that all of the claims of the '134 Patent are invalid and/or unenforceable;

(3) that the Court render judgment declaring that the all of the claims of the '476 Patent are invalid and/or unenforceable;

(4) that the Court render judgment declaring that Corel Corp. does not and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '134 Patent;

(5) that the Court render judgment declaring that Corel Corp. does not and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '476 Patent;

(6) that Corel Corp. be awarded its fees and costs, including attorneys' fees incurred herein; and

(7) that the Court grant Corel Corp. such other and further relief as it deems proper.

Dated: February 9, 2010

Respectfully submitted,

By: */s/ Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
303 S. Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-935-9257

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2010 the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.