# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BETANET, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS, INC., ET AL.,<br><br>        Defendants. | CIVIL ACTION NO. 2:09-cv-384-DF-CE<br><br>JURY TRIAL DEMANDED |

**ADOBE SYSTEMS INCORPORATED'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO BETANET, LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Adobe Systems Incorporated, sued herein as Adobe Systems, Inc. ("Adobe"), provides this Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint for Patent Infringement ("Complaint") filed on December 15, 2009 by Plaintiff BetaNet, LLC ("BetaNet") as follows:

1.    Adobe admits that this is an action for patent infringement. Adobe admits that it has been named as a Defendant in this action. To the extent not admitted, the allegations of paragraph 1 are denied.

## PARTIES

2.    Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 2, and on that basis denies those allegations.

3.    Adobe admits that it is a Delaware corporation with its principal place of business at 345 Park Ave., San Jose CA 95110. To the extent not admitted, the allegations of paragraph 3 are denied.

1

4. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 4, and on that basis denies those allegations.

5. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 5, and on that basis denies those allegations.

6. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 6, and on that basis denies those allegations.

7. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 7, and on that basis denies those allegations.

8. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 8, and on that basis denies those allegations.

9. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 9, and on that basis denies those allegations.

10. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 10, and on that basis denies those allegations.

11. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 11, and on that basis denies those allegations.

12. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 11, and on that basis denies those allegations.

13. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 13, and on that basis denies those allegations.

14. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 14, and on that basis denies those allegations.

15. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 15, and on that basis denies those allegations.

16. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 16, and on that basis denies those allegations.

17. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 17, and on that basis denies those allegations.

18. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 18, and on that basis denies those allegations.

19. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 19, and on that basis denies those allegations.

20. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 20, and on that basis denies those allegations.

## JURISDICTION AND VENUE

21. Adobe admits that BetaNet has made claims of patent infringement arising under Title 35 of the United States Code. Adobe admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). To the extent not expressly admitted, the allegations of paragraph 21 are denied.

22. Adobe admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b), but denies that this judicial district is the most convenient forum for parties and witnesses or in the interests of justice. To the extent not expressly admitted, the allegations of paragraph 22 that relate to Adobe are denied. To the extent allegations of paragraph 22 relate to other defendants, Adobe lacks knowledge sufficient to admit or deny the allegations and on that basis denies those allegations.

23. Adobe admits that it conducts business in this judicial district and admits that it is subject to personal jurisdiction in this district. To the extent not expressly admitted, the allegations of paragraph 23 are denied.

24. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 24, and on that basis denies those allegations.

25. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 25, and on that basis denies those allegations.

26. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 26, and on that basis denies those allegations.

27. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 27, and on that basis denies those allegations.

28. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 28, and on that basis denies those allegations.

29. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 29, and on that basis denies those allegations.

30. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 30, and on that basis denies those allegations.

31. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 31, and on that basis denies those allegations.

32. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 32, and on that basis denies those allegations.

33. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 33, and on that basis denies those allegations.

34. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 34, and on that basis denies those allegations.

35. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 35, and on that basis denies those allegations.

36. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 36, and on that basis denies those allegations.

37. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 37, and on that basis denies those allegations.

38. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 38, and on that basis denies those allegations.

39. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 39, and on that basis denies those allegations.

40. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 40, and on that basis denies those allegations.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,222,134

41. Adobe admits that U.S. Patent No. 5,222,134 ("the '134 patent") is entitled "Secure System for Activating Personal Computer Software at Remote Locations," that the front page of the patent lists an issue date of June 22, 1993, and that a copy of the '134 patent appears to be attached to the Complaint as Exhibit A. Adobe lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 41, and on that basis denies those allegations.

42. Denied.

5

43. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 43, and on that basis denies those allegations.

44. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 44, and on that basis denies those allegations.

45. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 45, and on that basis denies those allegations.

46. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 46, and on that basis denies those allegations.

47. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 47, and on that basis denies those allegations.

48. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 48, and on that basis denies those allegations.

49. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 49, and on that basis denies those allegations.

50. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 50, and on that basis denies those allegations.

51. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 51, and on that basis denies those allegations.

52. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 52, and on that basis denies those allegations.

53. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 53, and on that basis denies those allegations.

54. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 54, and on that basis denies those allegations.

55. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 55, and on that basis denies those allegations.

56. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 56, and on that basis denies those allegations.

57. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 57, and on that basis denies those allegations.

58. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 58, and on that basis denies those allegations.

59. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 59, and on that basis denies those allegations.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,103,476

60. Adobe admits that U.S. Patent No. 5,103,476 ("the '476 patent") is entitled "Secure System for Activating Personal Computer Software at Remote Locations," that the front page of the patent lists an issue date of April 7, 1992, and that the '476 patent appears to have been attached to the Complaint as Exhibit B. Adobe lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 60, and on that basis denies those allegations.

61. Denied.

62. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 62, and on that basis denies those allegations.

63. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 63, and on that basis denies those allegations.

64. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 64, and on that basis denies those allegations.

65. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 65, and on that basis denies those allegations.

66. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 66, and on that basis denies those allegations.

67. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 67, and on that basis denies those allegations.

68. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 68, and on that basis denies those allegations.

69. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 69, and on that basis denies those allegations.

70. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 70, and on that basis denies those allegations.

71. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 71, and on that basis denies those allegations.

72. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 72, and on that basis denies those allegations.

73. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 73, and on that basis denies those allegations.

74. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 74, and on that basis denies those allegations.

75. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 75, and on that basis denies those allegations.

76. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 76, and on that basis denies those allegations.

77. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 77, and on that basis denies those allegations.

78. Adobe lacks knowledge sufficient to admit or deny the allegations of paragraph 78, and on that basis denies those allegations.

## RESPONSE TO PRAYER FOR RELIEF

Adobe denies that BetaNet is entitled to any of the relief sought in its prayer for relief against Adobe on account of any act or omission of Adobe. BetaNet's prayer should, therefore, be denied in its entirety and with prejudice, and BetaNet should take nothing therefor. Adobe asks that judgment be entered for Adobe and that this action be found to be an exceptional case under 35 U.S.C. § 285 entitling Adobe to be awarded attorneys' fees in defending against BetaNet's Complaint, together with such other and further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Adobe does not object to, and hereby demands, a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By asserting the following Affirmative Defenses, the burden of proof has not shifted away from Plaintiff for any issue on which Plaintiff bears the burden, including without

limitation infringement. Adobe for its Affirmative Defenses to the First Amended Complaint of BetaNet, states as follows:

### First Affirmative Defense: Non-Infringement

79. Adobe has not infringed, either directly or indirectly, by inducing infringement by others, or by contributing to the infringement of others, any claim of the '134 or the '476 patent.

### Second Affirmative Defense: Invalidity

80. One or more claims of the '134 and '476 patents are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense: Equitable Defenses

81. BetaNet's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel and/or waiver.

### Fourth Affirmative Defense: Lack of Ownership Interest

82. BetaNet lacks standing to bring the claims and/or obtain the relief sought in the Complaint because BetaNet lacks the necessary ownership interests in one or more of the '134 and '476 patents.

### Fifth Affirmative Defense: Prosecution History Estoppel

83. On information and belief, BetaNet is barred, under the doctrine of Prosecution History Estoppel, from construing the claims of any of the '134 patent or the '476 patent in such a way as may cover any of Adobe's products or processes by reasons of statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that led to the issuance of the respective patents.

### Sixth Affirmative Defense: Statutory Damages Limitations

84. BetaNet's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### Seventh Affirmative Defense: Government Sales

85. BetaNet's remedies are limited by 28 U.S.C. § 1498(a).

### Eighth Affirmative Defense:  No Injunctive Relief

86. BetaNet's claim for injunctive relief is barred because there exists an adequate remedy at law and BetaNet's claims otherwise fail to meet the requirements for such relief.

## ADDITIONAL AFFIRMATIVE DEFENSES

87. Adobe reserves the right to raise additional affirmative and other defenses as they may be discovered or otherwise become available.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Adobe asserts the following counterclaims against BetaNet.

## PARTIES

88. Counter-Plaintiff Adobe Systems Incorporated ("Adobe") is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose CA 95110.

89. On information and belief, Counter-Defendant BetaNet is a Texas limited liability company with its principal place of business at Energy Center, 719 West Front Street, Suite 105, Tyler, Texas 75702.

## JURISDICTION AND VENUE

90. These Counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent laws, 35 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. This Court also has personal jurisdiction over BetaNet because, among other reasons, BetaNet brought suit alleging infringement of the '134 and '476 patents in this Court.

91. To the extent this action remains in this District, venue is appropriate pursuant to 28 U.S.C. § 1391(b)-(c) because BetaNet brought its complaint for infringement of the '134 and '476 patents in this Court.

### FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '134 PATENT

92. An actual, continuing and justiciable controversy exists between Adobe and BetaNet as to the non-infringement of the '134 patent, as evidenced by BetaNet's Complaint and Adobe's Answer to that Complaint, as set forth above.

93. Pursuant to the Federal Declaratory Act, 28 U.S.C. § 2201 *et seq.*, Adobe requests a judicial determination and declaration that Adobe does not infringe and has not infringed, either directly or indirectly, any claim of the '134 patent.

### SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '476 PATENT

94. An actual, continuing and justiciable controversy exists between Adobe and BetaNet as to the non-infringement of the '476 patent, as evidenced by BetaNet's Complaint and Adobe's Answer to that Complaint, as set forth above.

95.     Pursuant to the Federal Declaratory Act, 28 U.S.C. § 2201 et seq., Adobe requests a judicial determination and declaration that Adobe does not infringe and has not infringed, either directly or indirectly, any claim of the '476 patent.

### THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '134 PATENT

96.     An actual, continuing and justiciable controversy exists between Adobe and BetaNet as to the invalidity of the '134 patent, as evidenced by BetaNet's Complaint and Adobe's Answer to that Complaint, as set forth above.

97.     Pursuant to the Federal Declaratory Act, 28 U.S.C. § 2201 et seq., Adobe requests a judicial determination and declaration of the Court that the '134 patent is invalid.

### FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '476 PATENT

98.     An actual, continuing and justiciable controversy exists between Adobe and BetaNet as to the invalidity of the '476 patent, as evidenced by BetaNet's Complaint and Adobe's Answer to that Complaint, as set forth above.

99.     Pursuant to the Federal Declaratory Act, 28 U.S.C. § 2201 et seq., Adobe requests a judicial determination and declaration of the Court that the '476 patent is invalid.

### FIFTH COUNTERCLAIM: EXCEPTIONAL CASE

100.    On information and belief, prior to filing its complaint and at a minimum prior to the filing of this Answer, BetaNet knew, or reasonably should have known, that the patent claims were invalid and/or not infringed by Adobe or that its claims were barred in whole or in part. BetaNet's filing of the complaint and continuing to pursue its present claims in view of this knowledge makes this case exceptional within the meaning of 35 U.S.C. § 285.

## RELIEF DEMANDED

WHEREFORE, Defendant and Counterclaimant Adobe requests relief as follows:

A. That BetaNet take nothing by its Complaint.

B. That judgment be entered against BetaNet and in favor of Adobe, and that BetaNet's Complaint be dismissed with prejudice.

C. That the Court declare that Adobe does not infringe and has not infringed, directly or indirectly, any claim of the '134 patent and/or the '476 patent;

D. That the Court declare the '134 patent and/or the '476 patent invalid and/or unenforceable;

E. That this case be declared exceptional and Adobe be awarded its costs, expenses and reasonable attorneys fees in this action under 35 U.S.C. § 285; and

F. That the Court grant Adobe such further relief the Court may deem just and proper.

Dated: February 10, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Kelly C. Hunsaker*
Kelly C. Hunsaker
(*admitted pro hac vice*)
(e-mail: hunsaker@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 10, 2010, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                         */s/ Kelly C. Hunsaker*
                                           Kelly C. Hunsaker

50697718.doc