IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BETANET, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:09-CV-384-DF-CE |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ADOBE SYSTEMS, INC. ET AL., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ORACLE CORPORATION'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
BETANET LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Oracle Corporation ("Oracle") respectfully submits its Answer, these Affirmative Defenses, and these Counterclaims in response to Plaintiff BetaNet, LLC's ("BetaNet" or "Plaintiff") First Amended Complaint, and states as follows:

1. Oracle admits that this is an action for patent infringement. Oracle further admits that it has been named as a Defendant in this action. To the extent not admitted, the allegations of Paragraph 1 are denied.

**PARTIES**

2. Oracle lacks knowledge sufficient to admit or deny the allegations of Paragraph 2, and on that basis denies those allegations.

3. Paragraph 3 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

4. Paragraph 4 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

1

5. Paragraph 5 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

6. Paragraph 6 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

7. Paragraph 7 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

8. Paragraph 8 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

9. Paragraph 9 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

10. Paragraph 10 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

11. Paragraph 11 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

12. Paragraph 12 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

13. Paragraph 13 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

14. Paragraph 14 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

15. Oracle admits that Oracle Corporation is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065.

16. Paragraph 16 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

17. Paragraph 17 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

18. Paragraph 18 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

19. Paragraph 19 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

20. Paragraph 20 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

## JURISDICTION AND VENUE

21. Oracle admits that the First Amended Complaint purports to allege patent infringement under Title 35 of the United States Code. Oracle denies that the First Amended Complaint properly states such claims, and specifically denies any wrongdoing or infringement. Oracle admits that the First Amended Complaint purports to base federal jurisdiction under 28 U.S.C. §§1331 and 1338(a). Otherwise, this paragraph contains conclusions of law to which no answer is required.

22. Oracle denies any wrongdoing or infringement. Specifically, Oracle denies that it has committed acts of direct or indirect infringement within this judicial district or anywhere else. Oracle admits that BetaNet purports to base venue under 28 U.S.C. §§ 1391(c) and 1400(b), but denies this District is the most convenient venue for adjudication of the claims raised by BetaNet in this action. Oracle further admits that it is registered to do business in the state of Texas. Otherwise, this paragraph contains conclusions of law to which no answer is required.

23. Paragraph 23 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

24. Paragraph 24 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

25. Paragraph 25 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

26. Paragraph 26 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

27. Paragraph 27 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

28. Paragraph 28 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

29. Paragraph 29 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

30. Paragraph 30 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

31. Paragraph 31 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

32. Paragraph 32 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

33. Paragraph 33 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

34. Oracle denies any wrongdoing or infringement. Specifically, Oracle denies that it has committed acts of direct or indirect infringement within Texas, in this Judicial District or anywhere else. Oracle admits it is registered to do business in the state of Texas. Otherwise, this paragraph contains conclusions of law to which no answer is required.

35. Paragraph 35 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

36. Paragraph 36 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

37. Paragraph 37 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

38. Paragraph 38 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

39. Paragraph 39 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

40. Paragraph 40 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 5,222,134**

41. Oracle admits that what appears to be a copy of United States Patent No. 5,222,134 ("the '134 patent") is attached as Exhibit A to the First Amended Complaint. Oracle admits that, on its face, Exhibit A states that its title is "Secure System for Activating Personal Computer Software at Remote Locations" and also states that it issued on June 22, 1993. Oracle denies the remaining allegations of Paragraph 41.

42. Paragraph 42 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

43. Paragraph 43 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

44. Paragraph 44 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

45. Paragraph 45 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

46. Paragraph 46 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

47. Paragraph 47 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

48. Paragraph 48 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

49. Paragraph 49 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

50. Paragraph 50 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

51. Paragraph 51 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

52. Paragraph 52 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

53. Oracle admits that it markets, distributes, sells, and offers for sale products called Database 11g, Enterprise Manager, Developer Suite 10g, Developer Tools for Visual Studio, Warehouse Builder, XML Developer Kit 10g, Data Miner and SQL Developer. Oracle further admits that it may use some of those products for its own operations. Oracle further admits that it markets products under the general description of Fusion Middleware. Oracle denies that any of these products are used, sold or offered for sale:

> via a process that provides a program file – including a loader segment and a registration shell portion – to a remote computer having a display. The program file contains a first executive control program, representing a limited version of the program file. License transaction information is entered in the registration shell portion, and that information is transmitted from the registration shell to a separate registration program provided in a registration computer. The registration program merges the license transaction information with a second executive control program – representing a complete version of the program file – to generate a unique overlay file. The unique overlay file is transmitted from the registration program to the registration shell, and contains the second executive control program. The overlay file is installed in the main program file, thereby allowing complete operation of the program file.

Oracle further denies each and every remaining allegation in Paragraph 53 and specifically denies any wrongdoing or infringement

54. Paragraph 54 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

55. Paragraph 55 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

56. Paragraph 56 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

57. Paragraph 57 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

58. Paragraph 58 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

59. Paragraph 59 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 5,103,476

60. Oracle admits that what appears to be a copy of United States Patent No. 5,103,476 ("the '476 patent") is attached as Exhibit B to the First Amended Complaint. Oracle admits that, on its face, Exhibit B states that its title is "Secure System for Activating Personal Computer Software at Remote Locations" also states that it issued on April 7, 1992. Oracle denies the remaining allegations of Paragraph 61.

61. Paragraph 61 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

62. Paragraph 62 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

63. Paragraph 63 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

64. Paragraph 64 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

65. Paragraph 65 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

66. Paragraph 66 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

67. Paragraph 67 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

68. Paragraph 68 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

69. Paragraph 69 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

70. Paragraph 70 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

71. Paragraph 71 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

72. Oracle admits that it markets, distributes, sells, and offers for sale products called Database 11g, Enterprise Manager, Developer Suite 10g, Developer Tools for Visual Studio, Warehouse Builder, XML Developer Kit 10g, Data Miner and SQL Developer. Oracle further admits that it may use some of those products for its own operations. Oracle further admits that it markets products under the general description of Fusion Middleware. Oracle denies that any of these products are used, sold or offered for sale:

> via a process that provides a program file – having a loader segment and a registration shell portion – to a remote computer having a display. The program file lacks a critical portion that prevents the program file from operating properly. User identification information is entered in the registration shell portion, and transmitted from the registration shell to a separate registration program provided in a registration computer. The registration program merges user identification data with the critical portion to generate a unique overlay file that is transmitted from the registration program to the registration shell. The overlay file contains the critical portion originally lacking from the program file, and it is installed in the program file, thereby allowing operation of the program file.

Oracle further denies each and every remaining allegation in Paragraph 72 and specifically denies any wrongdoing or infringement.

73.   Paragraph 73 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

74.   Paragraph 74 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

75.   Paragraph 75 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

76.   Paragraph 76 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

77.   Paragraph 77 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

78.   Paragraph 78 does not contain any allegations that are directed at Oracle, and therefore requires no answer.

## **RESPONSE TO PRAYER FOR RELIEF**

Oracle denies that BetaNet is entitled to any of the relief sought in its Prayer For Relief against Oracle on account of any act or omission of Oracle. BetaNet's prayer should, therefore, be denied in its entirety and with prejudice, and BetaNet should take nothing therefor. Oracle asks that judgment be entered for Oracle and that this action be found to be an exceptional case under 35 U.S.C. § 285 entitling Oracle to be awarded attorneys' fees in defending against BetaNet's Complaint, together with such other and further relief the Court deems appropriate.

## DEFENDANT ORACLE'S AFFIRMATIVE DEFENSES

By asserting the following Affirmative Defenses, the burden of proof has not shifted away from Plaintiff for any issue on which Plaintiff bears the burden, including without limitation infringement. Oracle for its Affirmative Defenses to the First Amended Complaint of BetaNet, states as follows:

### FIRST AFFIRMATIVE DEFENSE
### [Non-Infringement]

79.     Oracle does not infringe and has not infringed, directly or indirectly, literally or by the doctrine of equivalents, any valid and enforceable claim of the '476 or '134 patents (collectively "the patents-in-suit").

### SECOND AFFIRMATIVE DEFENSE
### [Lack of Standing]

80.     Upon information and belief, BetaNet lacks standing to seek relief for alleged infringement of the patents-in-suit and does not possess the rights necessary to seek relief for infringement of one or more of the patents-in-suit.

### THIRD AFFIRMATIVE DEFENSE
### [28 U.S.C. § 1498]

81.     BetaNet's claims of infringement are barred, in whole or in part, by 28 U.S.C. § 1498.

### FOURTH AFFIRMATIVE DEFENSE
### [Invalidity & Unenforceability]

82.     The claims of the patents-in-suit are invalid, unenforceable and/or void for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, 282.

## FIFTH AFFIRMATIVE DEFENSE
### [Limitations on Damages and Recovery]

83. Pursuant to the requirements of 35 U.S.C. §§ 286-288, Plaintiff's ability to recover damages and/or costs is limited.

## SIXTH AFFIRMATIVE DEFENSE
### [Prosecution History Estoppel/Waiver/Laches]

84. Plaintiff's claims of patent infringement are barred in whole or in part by the doctrines of prosecution history estoppel, waiver and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE
### [Adequate Remedy at Law]

85. BetaNet's claims for equitable relief, including injunctive relief, are barred because BetaNet has an adequate remedy at law and BetaNet's claims otherwise fail to meet the requirements for such relief.

## COUNTERCLAIMS

Oracle hereby states its Counterclaims against BetaNet as follows:

## JURISDICTION AND THE PARTIES

86. The following counterclaims for declaratory relief arise under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly Title 28 U.S.C. §§ 2201, 2202 and Title 35 U.S.C. §§ 41 *et seq.*, respectively. This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, Title 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

87. To the extent that this action remains in this District, venue is appropriate because BetaNet has consented to the propriety of venue in this Court by filing its claim for patent

infringement in this Court, in response to which these counterclaims are asserted. BetaNet has submitted to the personal jurisdiction of this Court by bringing the present action.

88. Oracle Corporation is a corporation organized and existing under the laws of Delaware, with a principal place of business at 500 Oracle Parkway, Redwood City, California 94065.

89. Upon information and belief, BetaNet is a Texas limited liability company with its principal place of business at Energy Center, 719 West Front Street, Suite 105, Tyler, Texas 75702.

### FIRST COUNTERCLAIM
### [Non-Infringement of the '134 patent]

90. Oracle repeats and re-alleges paragraphs 86 through 89 above as if fully set forth herein.

91. An actual and justiciable controversy exists between Oracle and Plaintiff as to Oracle's non-infringement of the '134 patent, as evidenced by Plaintiff's First Amended Complaint and Oracle's Answer to Plaintiff's First Amended Complaint.

92. Oracle does not infringe any valid and enforceable claim of the '134 patent and is entitled to judgment from this Court finding that the '134 patent is not infringed by any Oracle product, service or process.

93. BetaNet has filed this action without a good faith basis, making this an exceptional case. Consequently, BetaNet is liable under 35 U.S.C. § 285 for any and all attorney's fees incurred by Oracle in connection with this baseless action by BetaNet.

## SECOND COUNTERCLAIM
### [Non-Infringement of the '476 patent]

94. Oracle repeats and re-alleges paragraphs 86 through 89 above as if fully set forth herein.

95. An actual and justiciable controversy exists between Oracle and Plaintiff as to Oracle's non-infringement of the '476 patent, as evidenced by Plaintiff's First Amended Complaint and Oracle's Answer to Plaintiff's First Amended Complaint.

96. Oracle does not infringe any valid and enforceable claim of the '476 patent and is entitled to judgment from this Court finding that the '476 patent is not infringed by any Oracle product, service or process.

97. BetaNet has filed this action without a good faith basis, making this an exceptional case. Consequently, BetaNet is liable under 35 U.S.C. § 285 for any and all attorney's fees incurred by Oracle in connection with this baseless action by BetaNet.

## THIRD COUNTERCLAIM
### [Invalidity of the '134 patent]

98. Oracle repeats and re-alleges paragraphs 86 through 89 above as if fully set forth herein.

99. An actual and justiciable controversy exists between Oracle and Plaintiff as to the invalidity of the '134 patent, as evidenced by Plaintiff's First Amended Complaint and Oracle's Answer to Plaintiff's First Amended Complaint.

100. The claims of the '134 patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, 282.

101. Oracle is entitled to judgment from this Court finding that the claims of the '134 patent are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112, 116 and 282.

## FOURTH COUNTERCLAIM
### [Invalidity of the '476 patent]

102. Oracle repeats and re-alleges paragraphs 86 through 89 above as if fully set forth herein.

103. An actual and justiciable controversy exists between Oracle and Plaintiff as to the invalidity of the '476 patent, as evidenced by Plaintiff's First Amended Complaint and Oracle's Answer to Plaintiff's First Amended Complaint.

104. The claims of the '476 patent are invalid for failure to satisfy one of more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, 282.

105. Oracle is entitled to judgment from this Court finding that the claims of the '476 patent are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112, 116 and 282.

## PRAYER FOR RELIEF

WHEREFORE, Oracle prays for relief as follows:

A. That the '134 patent and the '476 patent be declared not infringed and invalid.

B. That BetaNet take nothing by its First Amended Complaint and that BetaNet's First Amended Complaint be dismissed with prejudice.

C. That, pursuant to 35 U.S.C. § 285 and/or other applicable authority, the Court find that BetaNet's conduct in commencing and pursuing this action renders this an exceptional case and that Oracle be awarded its attorneys' fees incurred in connection with this action.

      D.    That Oracle be awarded such other relief as the Court shall deem just and reasonable.

Dated: February 18, 2010

                            Respectfully submitted,

                            */s/ Michael E. Jones*

                            Michael E. Jones
                            State Bar No. 10929400
                            mikejones@potterminton.com
                            POTTER MINTON, P.C.
                            P.O. Box 359
                            Tyler, Texas 75710
                            Telephone: (903) 597-8311
                            Facsimile: (903) 593-0846

                            Dave Nelson
                            Jennifer Bauer
                            Ellen Padilla
                            QUINN EMANUEL URQUHART
                            OLIVER & HEDGES
                            250 S. Wacker, Suite 230
                            Chicago, Illinois  60606
                            Telephone: (312) 463-2961
                            Fax: (312) 463-2962

                            Of Counsel:
                            Peggy Bruggman
                            ORACLE CORPORATION
                            500 Oracle Parkway, 7th Floor
                            Redwood Shores, CA  94065
                            Telephone: (650) 506-7200
                            Facsimile: (650) 506-7114

                            ATTORNEYS FOR DEFENDANT
                            ORACLE CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 18, 2010. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*